Martin, ,T. 7
delivered the opinion of the court* r jjjg petition states that the defendant, Laston, ⅝ made his promissory note for the sum of ®3 0,50. on the 13th of June, 1819, payable to the defendant, Johnston, or his order, sixty days after date, which the latter for a valuable consideration, endorsed to the plaintiff, and which, having been lodged for collection in the Planters Bank, was protested, on the I4th of August following, whereof the defendant, Johnson, was duly notified. Annexed to the answer is a copy of the note and protest. The notary, in the protest, does not set forth that he made any demand of the amount of the note ; but that he u went to the places of most public resort in the city, and inquired for the maker of said note, in order to demand payment of the same, anil none would designate the dwelling of the maker, or would pay the note for his honor.”
Johnson, in his answer, denied being indebted to the plaintiff, and required proof of the demand from the maker, as well as of the due and legal notice to the endorser. Laston pleaded the general issue.
*365 Pollock deposed that he is the notarv of the 1 \ , . Planters Rank; that the note was put into his hands on Saturday the 14th of August; that he made no other demand than that stated in the protest; that he gave notice to the endorser on Tuesday the 17th, between the hours of nine and ten in the morning.
Spencer deposed that he has known the defendant, Laston, in New Orleans for about two and a half years ; that he now keeps, and for about eight months past has kept, a grocery store or shop, on the levee.
Crocket deposed that he has known the defendant. Laston, for nearly three years ; that during tha¿ time he has resided principally in New-Orleans, and for the last eight months he kept a grocery store in the suburb St. Mary, on the levee, fronting the river; that he always kept, his name on the front of his house, and took out regular licenses from the mayor’s office, as a grocer and retailer of liquors, and still continues the same business in his own name, and at the same place.
It was admitted that the defendant, Johnson, lives in New-Orleans and kept a store before, at the time of, and since the protest; that the note was made by Laston, and endorsed by Johnson; that the latter Was informed by the *366 plaintiff, on the 17⅛ of August, that the note , . , , ' . . , , was n°t paid, and had been interned oei .re that it was in the Planters Bank, and had re-from the plaintiffs, the bank’s notice of the time of its becoming payable.
There was judgment in the parish court, for the plaintiff against the maker of the note ; hot the endorser was held to be discharged ; the notice, in the opinion of the cmjrt, having been given too late. The plaintiff appealed.
The first point, which presents itself for investigation, is whether there was a proper demand made from the maker. It is in evidence that he has, for upwards of two years resided chiefly in this city, and that for the eight mounts preceding the day on which the note became payable, he kept a grocery store in a conspicuous part of it, with his name over his door. It is not alledged that his residence was unknown to the plaintiff, and we are left to infer that it was so to the notary, from the information he gives that he inquired for it, at several public places. The endorser having received the note from the maker within a short period, at the time of the protest, the presumption is very strong that the plaintiff might op, application to the former have been informed of the residence *367 of tlie debtor. From the neglect of the thrift , «... 7 , j apparent means oí obtaining knowledge oí the place, where the demand was to be made, it is * to be inferred that no other was resorted to, except that which is mentioned, viz. an inquiry from persons accidentally met at public places, none of which are described.
It seems the note was given to be protested, without any information of the place towards which the notary was to direct his steps.
The evidence shews,»that wilh a little previous trouble, the plaintiff - might have easily discovered the residente of the maker. It does not appear that be was ignorant of it. The law, Imposing on him the obligation of making the demand, imposed that of making the necessary inquiry in due time. Unicuique sua mora meet. It appears that very soon after the protest, the sheriff' found the maker of the note, and served the process of the court on him.
It appearing to this court, that no legal demand was made, through the plaintiff’s neglect or that of his agents, it is useless to inquire into the legality of the notice of the protest to the endorser.
It is, therefore, ordered, adjudged and decreed *368 that the judgment of the parish court be affirm- . . . ed with costs.
The hi propria persona. Morse for the defendants.